**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

IN RE:                                  )
                                        )
BRIAN W. POLLY                          )        CASE NO.  15-31834(1)(13)
TRACY L. POLLY                          )
                                        )
_____Debtor(s)_____)

## MEMORANDUM-OPINION

This matter is before the Court on the Objection of Debtors Brian W. Polly and Tracy L. Polly ("Debtors") to the Notice of Post-Petition Mortgage Fees, Expenses and Charges filed by Creditor Lakeview Loan Servicing, LLC ("Lakeview").  The Court considered the Objection of Debtors, the Response of Lakeview, the comments of counsel for the parties at the hearing held on the matter, the Affidavit filed in support of Lakeview's Response and the Reply to the Affidavit filed by the Debtors.  For the following reasons, the Court will **SUSTAIN** the Objection, in part.

## PROCEDURAL BACKGROUND AND FACTS

On June 3, 2015, the Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On June 10, 2015, the Debtors filed their Chapter 13 Plan.

The Debtors' Plan was confirmed on July 16, 2015 as a 48 month, 100% Plan.

On November 2, 2015, Debtors filed a Motion to Amend their Plan to pay an arrearage owed to Lakeview, a secured creditor who holds a mortgage on the Debtors' property.  An Order granting that Motion was entered on November 30, 2015.

On July 19, 2015, Debtors' filed their Objection to the Notice of Post-Petition Mortgage Fees, Expenses and Charges filed by Lakeview with respect to its loan to the Debtors.

**LEGAL ANALYSIS**

Debtors filed their Objection to Lakeview's Notice of Post-Petition Mortgage Fees, Expenses and Charges contending Lakeview included unreasonable fees and expenses.  The Notice filed by Lakeview included a charge of $500 for the filing of an Objection to the Plan, $100 for the filing of the Notice, and $650 for the preparation and filing of its Proof of Claim.  Debtors contend a reasonable fee for all three items referenced above would be $750.

Lakeview contends its charges are reasonable.  At the hearing held on the matter, the Court allowed Lakeview to supplement its filings on the Notice.  Lakeview then filed an Affidavit of its counsel, Kerri Bruckner, detailing all legal work performed in connection with Debtors' mortgage.  The Affidavit lists the tasks necessary to compile the Proof of Claim including, but not limited to, such tasks as "identifying investors on the loan," "performing a conflicts check," "attorney review to determine whether we have grounds to file a proof of claim" and "to determine whether a claims bar date has been established to file a proof of claim."  Attached to the Affidavit is a letter dated October 1, 2015 from the United States Department of Housing and Urban Development ("HUD") addressed to all of its approved mortgagees.  The letter updates HUD's schedule of attorney's fees for bankruptcies occurring after January 1, 2016.

While the tasks listed in the Affidavit are detailed, there is no specific amount of time allocated to each task performed by Lakeview's counsel in this particular case.  Furthermore, while the fee schedule attached by HUD is persuasive, this Court is not bound by HUD's attorney's fee schedule.  Without a breakdown of the amount of time allotted for each task and the fee charged for each specific task, the Court cannot determine whether such fees are reasonable.

The Court finds that Lakeview has failed to justify a $650 fee for preparation of the proof of claim in this case.  The Court agrees with Debtors that much of the work detailed is administrative work that can be done by a para-professional.  The Court finds $200 is a fair amount for the Proof of Claim in this case.  This Court finds that the other fees referenced in the Notice are reasonable.

## CONCLUSION

For all of the above reasons, the Court **SUSTAINS** the Debtors' Objection to Lakeview's Notice of Post-Petition Mortgage Fees, Expenses and Charges as noted in this Memorandum-Opinion.  An Order allowing the claim of Lakeview in the amount of $800 accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  May 17, 2016

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

IN RE:                                      )
                                            )
BRIAN W. POLLY                              )        CASE NO.  15-31834(1)(13)
TRACY L. POLLY                             )
                                            )
_____Debtor(s)_____)

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection of Debtors Brian W. Polly and Tracy L. Polly to the Notice of Post-Petition Mortgage Fees, Expenses and Charges filed by Lakeview Loan Servicing, LLC, be and hereby is, **SUSTAINED**, IN PART. Lakeview's Proof of Claim is allowed in the amount of $800.

_____
Joan A. Lloyd
United States Bankruptcy Judge

Dated:  May 17, 2016